Radcliff, J.
Considering, as we do, the case of Bandy v. State, 102 Ohio St., 384, as the best pronouncement by this court on the question of lesser included offenses, we will have to make some resume of the facts in this case, as was done in the Bandy case, in order to justify the application of the rule of the Bandy case to the question herein.
The defendant and Bradley were indicted jointly for killing three people. They were tried separately. The state charges that defendant and Bradley were in a tavern on the outskirts of the city of Canton and were engaged in a discussion of the relative speeds of two automobiles. Bradley was arguing the merits of a car loaned to him while Patterson was extolling the speed of his own car. The state’s position is that they discussed speed and agreed to race the cars, whether there was a wager placed on the outcome being in dispute. Pursuant to this agreement, defendant and Bradley got into their cars and without regard for the rights or lives of or consequences to others on the highway started to race down a public highway in Stark County and ultimately into the city of Canton. The state alleges further that they drove between 75 and 100 miles an hour, indicating malice and total indifference to the dire results which might flow from the performance of these unlawful acts. While thus engaged in this race, the car in which the three decedents were riding was struck and their deaths resulted by virtue of this unlawful agreement and concert of effort on the part of Patterson and, Bradley.
The state was faced with a difficult problem of proof because in nearly every instance the witnesses upon which it was forced to rely were either hostile or reluctant. This .is understandable as they were friends or acquaintances of both Patterson and Bradley.
The defense of Patterson is that he was on the highway; that there was an accident but that he had nothing to do with it; that he was not engaged in a race with Bradley and, in fact, there was no agreement to race; and that he had not engaged in any discussion or agreement to participate in a race.
This appeal brings before us in all its ramifications the question of lesser included offenses. In the trial court, a seasonable request was made by the attorneys for the defendant to *321 charge upon first degree manslaughter and second degree manslaughter as lesser included offenses of second degree murder. The trial judge refused so to do. In refusing counsel’s request to charge on the so-called lesser included offenses, the trial judge gave his reasons to counsel outside the hearing of the jury but included in his general charge substantially the same theory. It is regretted that the following long quotation from the charge is inserted herein, but we feel that it is necessary:
“In considering the elements of intent and purpose, which are elements the state must prove beyond a reasonable doubt, and defining the meaning of the word ‘intent’ in other language, I charge you that ‘intent’ to kill may be inferred, if from all the surrounding circumstances you find that Patterson, either as principal, or as an aider and abettor, was conscious of the peril or probable peril to human life he created, if you find that he engaged in a contest of speed in his automobile on a public street, either through a voluntarily prearranged plan or by a voluntary overt act on his part.
“It will be for you to determine from all the surrounding circumstances, as shown by the evidence, whether such purpose and intent to kill on the part of the defendant, Patterson, is to be so inferred.
“I further direct your attention to a definition of what constitutes an aider and abettor. If you find beyond a reasonable doubt that the crimes charged in the indictment were committed. in the manner and form as charged, it is not necessary for you to find that the defendant actually and personally committed the offenses, if you find he aided and abetted another person who actually committed the offenses and acted in concert with him with the intent and purpose of aiding and abetting such other person in the commission of such offenses and in pursuance of a common design and purpose previously formed, or by an overt act on the defendant’s part which showed he acted in concert with another in its commission.
“Ordinarily that person is regarded as the principal who performed the act complained of, and one who acts in concert. with him, and with the purpose and intent to aid in the performance of the act and the commission of the offense, is an aider and abettor.
*322 “The law, however, provides that whoever aids and abets another to commit an offense will be prosecuted as if he were the principal offender. I say to you, as a matter of law, that if you find a crime was committed, as charged in the indictment, under the instructions given you, and you find the defendant, Patterson, had either formed a joint design to violate the law, or by an overt act on his part, joined with another in violation of the law, by engaging in a contest of speed with his automobile on the public streets, if you find he was so aware that the probable consequences of their joint act would cause the death of a human being, the defendant would be guilty of the crimes charged, regardless of whether the defendant’s automobile was the instrumentality which caused the deaths.
“If the state has failed to prove beyond a reasonable doubt that the defendant did personally commit the crimes charged against him, or fails to prove beyond a reasonable doubt that the defendant aided and abetted another in their commission, you should find the defendant not guilty.
“On the other hand, if you find the defendant-Patterson, either as principal, or as an aider and abettor, in Stark County, Ohio, on or about September 12, 1959, maliciously and purposely, and with an intent to kill, did cause the three deaths referred to in the indictment, you should find him guilty of murder in the second degree on all of the three counts.
“There is a law of Ohio which is known as manslaughter in the second degree, which provides that no person shall unlawfully and unintentionally kill another while violating any law of this state applying to the use or regulation of traffic, and manslaughter in the second degree, is an offense distinct from, and independent of, the crime of murder in the second degree; and, therefore, is not an included and lesser offense.
“I mention this because of the possibility that there could be some confusion in your minds as to just what crime the defendant is here charged with. He is charged, and is here being tried, with murder in the second degree, and not manslaughter in the second degree.
“Even though the evidence might prove the defendant was ' guilty of causing the death of another, as the result of a traffic violation such as driving under the influence of alcohol, speed *323 ing, driving on the wrong side of the highway, or any other traffic violation, he would not be guilty of murder in the second degree and should be acquitted, unless you also find from the evidence that the defendant, either as principal, or aider and abettor, had a malicious purpose and intent to kill.
* ‘ That is to say, in the crime of manslaughter in the second degree, malicious purpose and intent to kill are not elements which the state would have to prove in order to convict the defendant in that charge, if such would have been here pending against him.
“If the evidence fails to convince you beyond a reasonable doubt that the defendant had a malicious purpose and,intent to kill, but you do find the evidence tends to prove that on or about September 12, 1959, in Stark County, Ohio, the defendant, Ellis Patterson, killed or aided another in the killing of another person, while violating a traffic law of this state, then the defendant would not be guilty of murder in the second degree, and your verdict would be that of not guilty.
“On the other hand, if you find the evidence, beyond a reasonable doubt, shows that Ellis Patterson, either as principal or as an aider and abettor, had formed a malicious purpose and intent to kill, and find on or about the 12th day of September, 1959, in Stark County, Ohio, Ellis Patterson killed or aided another in the killing of three persons mentioned in the indictment, then the defendant would be guilty of the three counts charged, and your verdict should read accordingly.”
From the foregoing quotation, it is quite apparent what the trial judge did. He applied a basic principle that all trial judges live by and all prosecutors must learn to live with, namely, you cannot commit error against, the state of Ohio.
We are not unmindful of the pronouncements of this court in the cases of Freeman v. State, 119 Ohio St., 250; Malone v. State, 130 Ohio St., 443; State v. Farmer, 156 Ohio St., 214; State v. Muskus, 158 Ohio St., 276; State v. Kuchmak, 159 Ohio St., 363; State v. Hreno, 162 Ohio St., 193; and State v. Daniels, 169 Ohio St., 87. Nor do we fail to take cognizance of Section 2945.79 (D), Bevised Code, which is as follows:
“(D) That the verdict is not sustained by sufficient evidence or is contrary to law; but if the evidence shows the defendant *324 is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and pass sentence on such verdict or finding as modified, provided that this power extends to any court to which the cause may be taken on appeal.”
The above cases and statute all deal with lesser included offenses. We do feel, however, that the following first paragraph of the syllabus in Bandy v. State, supra, is the best statement of the law on this subject and it applies with equal vigor to the case before us:
“1. Murder in the first degree, literally considered, necessarily includes murder in the second degree and manslaughter. Whether in an indictment for murder in the first degree in the perpetration of a robbery, a charge is warranted as to murder in the second degree, or manslaughter, depends, however, not merely upon whether or not these are literally included in the formal charge, but upon whether or not there is any evidence tending to support a charge of murder in the second degree, or manslaughter.”
The rule of the Bandy case is to the effect that the facts determine whether a charge must include lesser included offenses. It is permissive and not positive. The same may be said of the legislative expression contained in Section 2945.79 (D) herein-before quoted.
Applying the rule of the Bandy case to the factual situation before us, these conclusions to us are inescapable. The defendant was charged with murder in the second degree, either as principal or as an aider and abettor, but in either instance as the perpetrator or participant in an unlawful dangerous act without regard for the consequences of the act no matter how severe or serious they might have been. We deplore the tendency in some jurisdictions .toward the requirement of instructing on all possible lesser included offenses. To us, to require the trial judge in a homicide case to charge on everything from first degree murder down to and including menacing threats indicates a departure from the common law and is tantamount to embracing, at least in part, the principles of the *325 civil law. It seems to us that to charge a serious offense and then require instructions ad nauseam on lesser and minor offenses is to invite the jury to speculate. In effect, you are saying to the jurors: ‘ ‘ This man has done something, you decide which of these offenses it is and by going down the scale you may relieve yourselves of imposing a penalty you feel may be too severe.” This procedure also departs from the traditional rule in Ohio that punishment is not the province of the jury but solely the responsibility of the judge. In the instant case, the trial judge applied the basic fundamental concept of the common law. You charge a man with an offense. If you do not prove it you must acquit him. You do not shop down the ladder, step by step, until you find some offense that you think the jurors may deem consonant with the facts they have heard. In this case, the trial judge held the nose of the state of Ohio directly to the grindstone and said: “You have charged this man with second degree murder. If you prove the essential elements beyond a reasonable doubt, well and good, he stands convicted. If you do not prove them, this case ends there and this defendant must be found not guilty. ’ ’ '
It would not have been erroneous to have charged upon manslaughter in the first degree as a lesser included offense, in view of the statutory authority and the pronouncements of this court hereinbefore cited, but the refusal of such a charge was not error prejudicial to the rights of the defendant because it was to his benefit and amounted to a direction to the jury to the effect that if all the elements of second degree murder are not proved beyond a reasonable doubt, it must find defendant not guilty. This is particularly true since any possibility of prejudicial error in refusing to give such a charge was overcome by the provisions of Section 2945.79, Revised Code. In reality the refusal was a direction of a verdict of not guilty of all the lesser included offenses. The state might well complain, but because of the law it would avail it nothing. However, the defendant cannot predicate error upon something that is to his benefit and is an added safeguard in the administration of justice.
No other assigned errors are prejudicial. It follows from what we have said that the Court of Appeals erroneously reversed the judgment of the Common Pleas Court and remanded the cause for a new trial.
*326 The judgment of the Court of Appeals is, therefore, reversed, and this cause is remanded to the Common Pleas Court of Stark County for the reimposition of sentence.

Judgment reversed.

Weygandt, C. J., Matthias, Bell and O’Neill, JJ., concur.
Zimmerman and Taet, JJ., concur in paragraph one of the syllabus but dissent from paragraph two thereof and from the judgment.
Radclife, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.